THE UNITED STATES WATCH COMPANY. v. LEARNED.

1. A judge at a circuit, on a Supreme Court issue, may allow an amendment, changing the action from covenant to *assumpsit*.
2. Such act is discretionary, and is not the subject of a writ of error.

On error to the Supreme Court.

This case was tried before Justice Depue and a jury, at the circuit for Essex county, at the September Term, 1870. A verdict having been given for the plaintiff, and judgment entered thereon, a writ of error was brought to this court.

For the plaintiff in error, *L. Zabriskie.*

For the defendant, *T. Runyon.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This writ of error is brought to reverse the judgment of the Supreme Court for certain supposed errors existing in the record. There was no bill of exceptions, so that there is nothing before us but the transcript from the judgment book of the court below.

The first fault imputed on the argument to this record was, that it appears that the action originally was covenant, and that the judge presiding at the circuit allowed it to be changed into *assumpsit.*

The suit originated in the Supreme Court, and the amendment thus impeached was made at the trial. The pleadings, as they are now presented to us, consist of the declaration in covenant and several pleas in that form, and to one of which there appears to have been no replication; the declaration in *assumpsit*, which contains a special count on a contract of hiring, and the common counts; the plea to this latter narration is the general issue.

It has already been decided by this court that the power of amendment conferred by the practice act, rests in the discretion of the court or judge, and that where the power exists, the exercise of such authority cannot be reviewed on error. In this class of cases, therefore,.the only inquiry which can arise in this court is, whether there was a power to amend in the given case? That the power, whenever it exists, has been properly used, is a *presumptio juris et de jure.*

In the case of *Price* v. *The New Jersey Railroad and Transportation Company,* 2 *Vroom* 229, the Supreme Court, upon a careful examination of the section of the practice act now in question, decided that it was the purpose of such section to enable every error in form, in all civil causes, to be corrected in any stage of the suit, so that the parties might try the matter in dispute, which they contemplated to try, or which might be necessary to sustain the decision resulting from such trial. In that case, there was a transmutation after the trial of the action from trespass to case. This interpretation of the section we deem to be correct, and it is obvious that by force of such a construction, the judge at the circuit had authority to order the present amendment.

The next objection was, that the special count does not show any legal ground of action. This point was rested mainly on the defects of this count, as set forth in the declaration in covenant. But it is clear that by the order to amend, and the consequent interposition of a new declaration, this count in covenant was completely abolished. Nor can the pleas to such original declaration affect the case. The cause was tried upon the new pleadings, and their legal value is the only matter to be now considered. I have not discovered any insufficiency in the special count in this declaration in *assumpsit* but whether such error exists or not, is a thing of no consequence at this stage of the case. If there is one good count, the judgment, by force of our statute, must stand ; and in this record the common counts are entirely formal and unexceptionable. The plea is the general issue, and consequently this court cannot legally know that the judgment has not

United States Watch Co. v. Learned.

been rendered for money lent, or for any of the other consid-erations embraced in this common count.

The remaining objection was, that *assumpsit* will not lie on a contract under seal, but the answer is, that there is no evidence that the amended declaration was founded on such an instrument, or that the recovery has such a basis. If such fact existed, a bill of exception was the proper evidence of it.

Let the judgment be affirmed.

*For affirmance*—THE CHIEF JUSTICE, BEDLE, DALRIMPLE, SCUDDER, VAN SYCKEL, WOODHULL, CLEMENT, DODD, LATHROP, OLDEN, WALES. 11.

*For reversal*—None.

CITED in *Cory* v. *Freeholders of Somerset*, 15 *Vr.* 445.